UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JERRY BURNAMAN, ET AL | CIVIL ACTION NO. 08-0598 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| PENTAIR, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion for summary judgment, doc. #103, referred to me by the district judge for report and recommendation. Plaintiff, Burnaman, and his wife sue for injuries he received when he received an electrical shock from a pond pump manufactured by defendant, Pentair. Plaintiff testified that he received an electrical shock while he was cleaning leaves out of his pond and reached under the water to lift the pump up.

Defendants argue that plaintiff has no expert testimony to support any theory of liability available under the Louisiana Products Liability Act, La. R.S. 9:2800.51 *et seq.* (LPLA). It also argues that the injuries didn't occur during a "reasonably anticipated use of the product".

Plaintiff argues that his expert testified that the accident was caused when a seal in the pump allowed water to enter the electrical connections and energized the case of the pump, either due to a manufacturing defect or due to a design defect.

## The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by

filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 178 (5th Cir.1990) ( citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325, 106 S.Ct. 2548; see also Lavespere, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See Celotex, 477 U.S. at 324, 106 S.Ct. 2548. The nonmovant

3

may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. See id. at 325, 106 S.Ct. 2548; Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994); Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, id.

All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. Little, 37 F.3d at 1075.

## Louisiana law of products liability

The LPLA provides the exclusive remedies for recovery due to a defective product. In order to recover, a plaintiff must prove (1) that the damages were proximately caused by the characteristic of the product that renders it unreasonably dangerous, and (2) the damages arose from a "reasonably anticipated use of the product". Kampen v. American Isuzu Motors, Inc., 157 F.3d 306 (5th Cir. 1998).

The LPLA defines reasonably anticipated use as "a use or handling of the product that the product's manufacturer should reasonably expect of an ordinary person in the same or similar circumstances. La. R.S. 9:2800.53(7). Use of the product contrary to warnings is, as a matter of law, not a reasonably anticipated use. Kampen, supra. In determining whether a particular use is

4

reasonably anticipated, several factors may be considered, including whether the injured party used the product in a manner that was obviously dangerous, what the user was instructed to do and warned not to do with respect to the use of the product, whether the use of the product was expressly warned against in the product's labeling (or operations manual) and the language of that warning, and the sophistication and experience of the user. Broussard v. Procter and Gamble Co. 2006 WL 3392759 (W.D. La. 2006).

A plaintiff must also prove that the product is "unreasonably dangerous" under one of the four theories of liability set forth in the act: (1) a defect in construction or composition (manufacturing), (2) defect in design, (3) inadequacy of warning, or (4) failure to conform to an express warranty. See Stahl v. Novartis Pharmaceuticals Corp., 283 F.3d 254 (5th Cir. 2002).

## Analysis

Here the plaintiff claims that the pump was defective in design and/or manufacture and that the company failed to warn of the danger.

### Reasonably anticipated use

Defendants first suggest that Burnaman's use of the pump was not reasonably anticipated by the manufacturer. It argues that plaintiff should have unplugged the pump before touching it. However, the manufacturer should have expected that an end user of

5

its product would touch the unit while in operation, in order to clean leaves, as plaintiff was intending to do, or inadvertently. A user does not expect that a submersed pump would be energized. Defendant points to a warning printed several times in the owners manual which states that the unit must be unplugged "prior to servicing". Here, however, plaintiff was not servicing the unit (which connotes removing the cover and working on the innards of the pump), but was simply lifting it up in order to remove leaves which could block the intake. Such use is a reasonably anticipated use of the pump.

<u>Failure to warn</u>

Plaintiff also claims that the company failed to warn of the dangers presented. As discussed above, the warnings in the owner's manual only warned of the danger if the device was not unplugged before servicing. In addition, plaintiff points out that neither the pump nor the box it came in contained any warnings of the danger which caused the injuries here.

There is a genuine issue of material fact as to the adequacy of the warnings.

<u>Defect in design or manufacture</u>

Plaintiff argues that both the defendant's expert and his own expert agree that the pump contained a defect. He points out that his own expert, Mr. Little, testified that the failure of a seal in the pump allowed water to enter the motor housing resulting in the

6

electrical current being transmitted to the motor housing. Little testified that the seals should have been designed in such a way that water could not have seeped into the device. He also opined that he does not know whether this defect was a design flaw or a manufacturing flaw.

In order to prove a design defect, plaintiff must show that a feasible alternative design existed at the time the product left the manufacturer's control that would have prevented the injury and that the danger outweighed the burden on the manufacturer of implementing the new design. Jaeger v. Automotive Casualty Ins. Co., 682 So.2d 292 (La, 4th C. 1996).

Here, the plaintiff's expert failed to offer an alternative design at all. Therefore, plaintiff has failed in his burden to prove a feasible alternative design which outweighed any burden on the manufacturer.

Plaintiff does show, by his expert's testimony and that of defendant's expert, that a seal allowed water to enter the motor and cause the electrical fault. However, there is no evidence to show that such a condition existed when the pump left the manufacturer's control. See Stahl v. Novartis Pharmaceuticals Corp., 283 F.3d 254, (5th Cir. 2002), cert. den. 123 S.Ct.111. Neither can circumstantial evidence provide that missing link since it appears from the evidence that the pump was not new and had been in service for some time.

For the foregoing reasons, IT IS RECOMMENDED that partial summary judgment be GRANTED dismissing plaintiffs' claims as to defective design and defective manufacture, but DENYING summary judgment as to plaintiffs' claim of failure to warn and regarding reasonably anticipated use.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 18th day of February, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE